Genaro PULIDO, et al., Plaintiffs,

v.

Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.

Civ. A. No. 82–M–1143.

United States District Court, D. Colorado.

Aug. 2, 1983.

Daniel M. Taubman, Colo. Coalition of Legal Services Programs, Laura Shapiro, Colo. Rural Legal Services, Denver, Colo., David G. Kroll, Colo. Rural Legal Services, Greeley, Colo., R. Eric Solem, Pikes Peak Legal Services, Colorado Springs, Colo., Jac-

queline Higinbotham, Colo. Rural Legal Services, Fort Morgan, Colo., for plaintiffs.

John R. Barksdale, Asst. U.S. Atty., Jay A. Swope, Asst. Regional Atty., Dept. of Health and Human Services, Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

MATSCH, District Judge.

This is a class action to compel the Secretary of Health and Human Services ("the Secretary") to engage in notice and comment rulemaking concerning the disability insurance benefits program under Title II of the Social Security Act ("the Act"), 42 U.S.C. § 401 et seq., and the supplemental security income program under Title XVI of the Act, 42 U.S.C. § 1381 et seq. Jurisdiction is found in 42 U.S.C. § 405(g).

The plaintiff class consists of all persons residing in the State of Colorado who have requested or will request administrative law judge hearings and who have been, are being, or will be adversely affected in presenting applications for receipt or continued receipt of benefits under Titles II or XVI of the Act, because of (1) the Secretary's failure to use formal[1] rulemaking procedures to establish standards for the determination of "good cause" supporting requests to have hearing locations changed pursuant to 20 C.F.R. § 404.936 or § 416.-1436, or (2) the Secretary's failure to promulgate regulations regarding the payment of travel expenses pursuant to 42 U.S.C. § 401(j) or § 1383(h). The relevant and material facts have been presented by stipulation and the parties filed cross motions for summary judgment.

Title II of the Act provides for the payment of disability insurance benefits to eligible individuals defined as "disabled" under 42 U.S.C. § 423(d). Title XVI of the Act provides supplemental security income for "aged, blind or disabled" individuals meeting the income and resources criteria of 42 U.S.C. § 1382–1382e. 42 U.S.C. § 405(a) confers upon the Secretary the "full power and authority to make rules and regulations and to establish procedures" for carrying out the provisions of Title II of the Act. 42 U.S.C. § 405(b) defines the administrative procedure for the determination of disability benefits, including the right to a hearing with respect to the Secretary's "disability" decisions. 42 U.S.C. § 1383(d)(1) expressly makes 42 U.S.C. § 405(a) applicable to Title XVI of the Act. 42 U.S.C. § 1383(c)(1) is substantially identical to 42 U.S.C. § 405(b).

The regulations published in 20 C.F.R. § 404.900 et seq., prescribe the procedures to be followed by the Social Security Administration in determining rights under Title II of the Act. 20 C.F.R. § 404.900(a) provides that, subsequent to the initial determination and reconsideration process, a dissatisfied claimant may request a hearing before an administrative law judge. The time and location of the hearing are determined under 20 C.F.R. § 404.936 which provides, in pertinent part:

(a) The administrative law judge sets the time and place for the hearing. He or she may change the time and place, if it is necessary. After sending the parties reasonable notice of the proposed action, the administrative law judge may adjourn or postpone the hearing or reopen it to receive additional evidence any time before he or she notifies the parties of a hearing decision ... (b) If you object to the time or place of the hearing, you must notify the administrative law judge in writing at the earliest possible opportunity before the time set for the hearing. You must state the reasons for your objection and the time or place you want the hearing to be held. *The administrative law judge may change the time or place for the hearing if you show good cause for the change* (emphasis added).

---

**1.** Although "formal" rulemaking, as defined by the Administrative Procedure Act, 5 U.S.C. §§ 551 et seq. and 701 et seq., is rulemaking "on the record" after an evidentiary hearing, in this case it means rulemaking subject to the "notice and comment" provisions of the APA. *See* 5 U.S.C. § 553(b).

20 C.F.R. § 416.1400 et seq. enumerates similar administrative procedures for the determination of rights under Title XVI of the Act. 20 C.F.R. § 416.1436 is substantially identical to 20 C.F.R. § 404.936.

In scheduling benefit hearings under Titles II and XVI of the Act, the administrative law judges have used an informal "seventy-five mile" policy. This agency standard generally prohibits the scheduling of a hearing at locations within seventy-five miles of the hearing office. (*See* Administrative Directives System Guide 240–51, Sec. 5 (hereinafter cited as ADS Guide 240–51), Exhibit C to Amended Complaint). As of November, 1982, administrative exceptions to this informal policy could be granted only where (1) the alternative hearing site would result in little or no cost to the government, (2) a full day's caseload would be heard at the hearing site, *and,* (3) the use of the hearing site would result in greater productivity. (*See* May, 1982 Memorandum from SSA Regional Management Officer, Exhibit C to Amended Complaint; Exhibit F, Memorandum in Support of Motion for Summary Judgment). In addition, "hardship" exceptions to this agency standard may be recognized upon a showing of "good cause." 20 C.F.R. §§ 404.936, 416.1436. The Secretary has not, however, engaged in formal, "notice and comment" rulemaking to define what shall, or may, constitute "good cause" for a hearing location change. (*See* Stipulation, para. 3).

Both Titles II and XVI of the Act provide for the payment of certain travel expenses "to parties, their representatives, and all reasonably necessary witnesses for travel within the United States to attend reconsideration interviews and proceedings before administrative law judges with respect to any determination" under the applicable title. 42 U.S.C. §§ 401(j), 1383(h) (citations omitted). With respect to Title II proceedings, reimbursement has been limited to travel expenses incurred in attending administrative hearings scheduled more than seventy-five miles from the claimant's residence. (ADS Guide 240–51, Sec. V(A)(1)(b)). Pursuant to a 1981 House Resolution, a similar limitation was imposed upon Title XVI expense reimbursements.[2] On January 15, 1981, the Commissioner of the Social Security Administration published a notice of proposal to issue regulations implementing Section 310 [42 U.S.C. §§ 401(j), 1383(h)] of Public Law 96–265. 46 Fed.Reg. 3547 (1981). The purpose of the proposed regulations was to "describe the policies and procedures applicable to paying certain travel expenses including limitations on the use of first-class air travel." *Id.* Although classified as "policy significant," no further action on this regulatory proposal has been taken. (Stipulation, para. 5).[3]

The parties have presented two separate questions. First, is the Secretary under a duty to engage in formal, "notice and comment" rulemaking to establish standards for the determination of "good cause" for changes in the time and place of hearings before administrative law judges? Second, is the Secretary under a duty to promulgate such regulations regarding the payment of travel expenses pursuant to 42 U.S.C. § 401(j) and 1383(h)?

### *"Good Cause"*

The statutory right to a hearing before an administrative law judge after denial of an application for disability or supplemental

---

**2.** During Fiscal Year 1982, the operations of the Social Security Administration were funded by a series of "continuing resolutions." *See* Pub.L. No. 97–51, 95 Stat. 958 (Oct. 1, 1981); Pub.L. No. 97–92, 95 Stat. 1183 (Dec. 15, 1981); Pub.L. No. 97–161, 96 Stat. 22 (March 31, 1982). H.R.Res. 4560 (Oct. 7, 1981), adopted pursuant to Pub.L. No. 97–51 and 97–92, limited travel expense appropriations by providing that "payments under section 1631(h) of such Act [42 U.S.C. § 1383(h)] may be made only when travel of more than seventy-five miles is

required. . ." The Secretary has construed this provision to authorize travel expense reimbursement only in those instances where *one way* travel of over seventy-five miles is required.

**3.** Indeed, no mention of travel expense regulations is made in the Secretary's recent "unified agenda of regulations." 47 Fed.Reg. 48374 (1982).

income benefits is granted in 42 U.S.C. § 405(b) and 42 U.S.C. § 1383(c)(1). The Secretary's administrative regulations governing such hearings are codified in 20 C.F.R. § 404.900 et seq. and 20 C.F.R. § 416.1429 et seq. Those regulations include a provision for a change in the time and place for a scheduled hearing upon a showing of "good cause." 20 C.F.R. § 404.-936; 20 C.F.R. § 416.1400. In practice, the administrative law judges have applied this regulation in a manner which has failed to consider the specific circumstances of individual claimants. The plaintiffs contend that this constitutes "arbitrary" agency action which denies the statutory right to a hearing and which infringes the constitutional right to due process of law.

An administrative agency is not required to promulgate detailed rules interpreting every statutory provision which may be relevant to its actions. *West v. Chafee,* 560 F.2d 942, 947 (8th Cir.1977). *See also American Power & Light Co. v. SEC,* 329 U.S. 90, 67 S.Ct. 133, 91 L.Ed. 103 (1946); *SEC v. Chenery Corp.,* 332 U.S. 194, 67 S.Ct. 1575, 1760, 91 L.Ed. 1995 (1947). As a general rule, the choice between rulemaking and case-by-case adjudication "is one that lies primarily in the informed discretion of the administrative agency." *SEC v. Chenery Corp., supra,* at 203, 67 S.Ct. at 1580. *See also Nueces County Nav. Dist. No. 1 v. ICC,* 674 F.2d 1055, 1065 (5th Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 446, 74 L.Ed.2d 601 (1982); *NLRB v. American Can Co.,* 658 F.2d 746, 758 (10th Cir.1981).

Section 405(a) of the Act, expressly made applicable to Title XVI by 42 U.S.C. § 1383(d)(1), provides:

> The Secretary shall have full power and authority to make rules and regulations and to establish procedures, not inconsistent with the provisions of this title, which are necessary or appropriate to carry out such provisions, *and shall adopt reasonable and proper rules and regulations to regulate and provide for the nature and extent of the proofs and evidence and the method of taking and furnishing the*

> *same in order to establish the right to benefits hereunder* (emphasis added).

In this statute, Congress *empowers* the Secretary to issue rules and regulations, not inconsistent with the provisions of the Act, which are necessary or appropriate to implement the program of benefits and *commands* the Secretary to adopt rules and regulations establishing the necessary procedures for determining the right to benefits.

The setting of the time and place for a hearing before an administrative law judge is an integral part of the procedure for determining the claimant's right to benefits. In complying with this congressional mandate by promulgating 20 C.F.R. §§ 404.936 and 416.1436, the Secretary has recognized the need for some flexibility in attempting to accommodate the limiting circumstances of individual claimants but has failed to give adequate guidance to both the applicants and the administrative law judge by defining the factors to be considered in making the "good cause" determinations. To that extent, the Secretary has failed to perform a statutory duty and the plaintiffs are entitled to some relief.

■ This conclusion is reinforced by reading 42 U.S.C. § 1302, which provides, in pertinent part:

> [T]he Secretary [of HHS] *shall* make and publish such rules and regulations, not inconsistent with this Act, as may be necessary to the *efficient administration* of the functions with which [the Secretary] is charged under this Act (emphasis added).

This section imposes a *duty* upon the Secretary to establish regulations required for the "efficient administration" of the program of benefits. Pursuant to this mandate, the Secretary has established criteria for making other determinations of "good cause." *See e.g.* 20 C.F.R. § 416.1411 (good cause for missing review request deadline); 20 C.F.R. § 416.1453 (good cause for extending deadline for ALJ hearing decision); 20 C.F.R. § 416.1482 (good cause for extension of time to file action in Federal District Court); 20 C.F.R. § 416.1489 (good

cause for reopening a decision or determination of the Secretary). A prompt and fair determination of a request for a change in the time and place of a hearing is necessary for efficient administration of the benefits program. Accordingly, this section is a direction to utilize formal rulemaking procedures to establish standards for the determination of "good cause" for changes in the time and place for hearings before administrative law judges.

Having concluded that these statutory sections mandate the requested rule-making, it is not necessary to consider the plaintiffs' claim of an infringement of the due process clause in the Fifth Amendment to the U.S. Constitution.

### Travel Expenses

Is the Secretary under a duty to promulgate regulations regarding the payment of travel expenses pursuant to 42 U.S.C. § 401(j) or 1383(h)? 42 U.S.C. § 401(j) provides, in pertinent part:

There are authorized to be made available for expenditure ... such amounts as are required to pay travel expenses ... to parties, their representatives, and all reasonably necessary witnesses for travel within the United States ... to attend reconsideration interviews and proceedings before administrative law judges with respect to any determination under this title. The amount available under the preceding sentence for payment for air travel by any person shall not exceed the coach fare for air travel between the points involved unless the use of first-class accommodations is required (*as determined under regulations of the Secretary*) because of such person's health condition or the unavailability of alternative accommodations; and the amount available for payment for other travel by any person shall not exceed the cost of travel (between the points involved) by the most economical and expeditious means of transportation appropriate to such per-

son's health condition, *as specified in such regulations* (emphasis added).

This statutory provision *authorizes,* but does not *command,* the Secretary to reimburse disability claimants for their reasonable travel expenses. The statute does not constitute a clear congressional mandate to implement the expenditure authorization through rulemaking procedures.

42 U.S.C. § 1383(h) provides, in pertinent part:

The Secretary shall pay travel expenses ... to parties, their representatives, and all reasonably necessary witnesses for travel within the United States ... to attend reconsideration interviews and proceedings before administrative law judges with respect to any determination under this title. The amount available under the preceding sentence for payment for air travel by any person shall not exceed the coach fare for air travel between the points involved unless the use of first-class accommodations is required (*as determined under regulations of the Secretary*) because of such person's health condition or the unavailability of alternative accommodations; and the amount available for payment for other travel by any person shall not exceed the cost of the travel (between the points involved) by the most economical and expeditious means of transportation appropriate to such person's health condition, *as specified in such regulations* (emphasis added).

Unlike Section 401(j), this section affirmatively commands the Secretary to pay travel expenses in Title XVI proceedings.[4] However, like Section 401(j), the scope of the required rulemaking mandate is limited to prescribing the health conditions for specific means of transportation.

■ If it is assumed that the obligation to pay travel expenses, considered with the general rulemaking requirements of 42

---

**4.** The legislative history of section 310 [42 U.S.C. § 401(j) and 1383(h)] is unrevealing as to the reason for this difference. *See* Social Security Disability Amendments of 1980,

S.Rep. No. 96–408, H.Conf.Rep. No. 96–944, 96th Cong., 2d Sess., *reprinted in* 1980 U.S. Code Cong. & Ad.News 1277, 1338, 1408.

U.S.C. § 405(a), imposes a duty upon the Secretary to engage in formal rulemaking, that duty has been altered by a series of subsequent appropriations measures. *See e.g.* Pub.L. No. 97–51, 97–92 and 97–161, *supra*, p. 4 n. 2, implementing H.R.Res. 4560 (limiting travel expense reimbursement under section 1383(h) to "travel of more than seventy-five miles").[5] On this subject, the Secretary has been caught in a Congressional "squeeze play," preventing her from proceeding with the objective stated in the substantive statute. Considering the well-established principle that Congress can undercut the objective of an existing statute by a provision in an appropriations act, *Friends of the Earth v. Armstrong*, 485 F.2d 1, 9 (10th Cir.1973), *cert. denied* 414 U.S. 1171, 94 S.Ct. 933, 39 L.Ed.2d 120 (1974), it must be concluded that the failure to promulgate Title XVI travel regulations is not contrary to the requirements of Section 1383(h) in the context of the limitations in these appropriations acts.

The fact that the Secretary published, on January 15, 1981, a notice of proposal to issue travel expense regulations is of little significance. 46 Fed.Reg. 3547 (1981). The notice neither "binds" the Secretary, nor acts as a "waiver" of her right to assert the absence of a mandate to promulgate regulations. *See e.g. American Trucking Ass'n. v. Atchison, Topeka and Santa Fe Railway Co.*, 387 U.S. 397, 415–416, 87 S.Ct. 1608, 1618, 18 L.Ed.2d 847 (1967) (agency may, when faced with new developments or in light of reconsideration of relevant facts and its mandate, alter its past interpretation and overturn past administrative rulings and practice); *Spartan Radiocasting Co. v. FCC*, 619 F.2d 314, 322 (4th Cir.1980) (same). An agency practice of using rulemaking procedures in instances where not required by law is not significant.

The plaintiff's contention that the failure to promulgate travel expense payment regulations is a denial of due process within

the meaning of the Fifth Amendment to the United States Constitution is without merit. There is no indication of an arbitrary denial of travel expenses. Reimbursement has been consistently limited to expenses incurred in attending administrative hearings scheduled more than seventy-five miles from the claimant's residence. Any discretion of the Secretary with respect to Title XVI proceedings has been effectively eliminated by the Congressional appropriations measures limiting travel expense payments under section 1383(h) to "travel of more than seventy-five miles." A similar limitation has been internally imposed in the Title II context. The wrongful denial of the payment of travel expenses in a particular case is reviewable upon the making of a final decision under 42 U.S.C. § 405(g). That is all the process due with respect to such a claim.

### Sufficiency of Notice

The plaintiffs also contend that, as a "fundamental requisite of due process," they are entitled to prior notice of (1) the right to request changes in hearing locations, and (2) the right to receive travel expense reimbursement. Although the relationship of this contention to the certified class issues is tenuous, the question is appropriately before the court. At present, there is no procedure or practice for giving such notice to individual claimants. There is only the fiction of constructive notice, imparted through the published regulations and the ADS Guide.

■ To the extent that there are regulations governing "good cause" for a change in hearing locations, an adequate notice of their content is an integral part of the mandate relative to the procedures for determining a right to benefits and, therefore, must be included in the formal rulemaking required by statute.

---

**5.** The last of the "continuing resolutions" was scheduled to expire on September 30, 1982. *See* Pub.L. No. 97–161 (extending the expiration date of Pub.L. No. 97–92 to that date). However, Congress has apparently passed a continuing resolution for fiscal year 1983, again prohibiting payments to Title XVI claimants who incur expenses for travel of seventy-five miles or less to hearings.

*Remedy*

In considering the appropriate remedy in this case it is necessary to recognize the difference between a directive compelling obedience to a statutory mandate and the discretion involved in determining the manner of compliance. While this court can define the Secretary's duty, it does not have competence, the capacity, or the constitutional authority to dictate the content of the required regulations. Accordingly, the only order which can be entered is an order directing the initiation of the formal rulemaking process. Upon the foregoing, it is

ORDERED, that within sixty days the Secretary shall initiate "notice and comment" rulemaking procedures in accordance with the views expressed in this memorandum opinion. The plaintiffs may recover their costs to be taxed upon the filing of a bill of costs within ten days from the entry of judgment. Any application for attorney's fees and expenses shall be submitted pursuant to the provisions of 28 U.S.C. § 2412(d).