**Genaro PULIDO and John Cary on behalf of themselves and all others similarly situated, Plaintiffs-Appellants,**

**Shirley Davison, Intervening Plaintiff, Appellant,**

v.

**Margaret M. HECKLER, in her official capacity as Secretary of the Department of Health and Human Services, Defendant-Appellee.**

No. 83–2364.

United States Court of Appeals, Tenth Circuit.

March 26, 1985.

504

Daniel M. Taubman, Colorado Coalition of Legal Services Programs, Denver, Colo. (R. Eric Solem, Pikes Peak Legal Services, Colorado Springs, Colo., David G. Kroll, Colorado Rural Legal Services, Greeley, Colo., and Jacquelyn Higinbotham, Colorado Rural Legal Services, Fort Morgan, Colo., with him on the briefs), for plaintiffs-appellants and intervening plaintiff-appellant.

John R. Barksdale, Asst. U.S. Atty., Denver, Colo. (Robert N. Miller, U.S. Atty., Denver, Colo., with him on the brief), District of Colorado, for defendant-appellee.

Before HOLLOWAY and McKAY, Circuit Judges and RUSSELL, District Judge*.

McKAY, Circuit Judge.

The issue in this case is whether the Secretary of Health and Human Services is under a duty to promulgate regulations regarding the payment of travel expenses pursuant to 42 U.S.C. §§ 401(j) and 1383(h).

---

* Honorable David L. Russell, United States District Judge for the Northern, Eastern and Western Districts of Oklahoma, sitting by designation.

Plaintiffs filed this class action to compel the Secretary to engage in notice and comment rulemaking concerning standards for changing locations for hearings both for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, and for supplemental security income benefits under Title XVI of the Act, 42 U.S.C. § 1381 *et seq.*, and standards for payment of travel expenses to attend those hearings.

The plaintiff class consists of

all persons residing in the State of Colorado who have requested or will request administrative law judge hearings and who have been, are being, or will be adversely affected in presenting applications for receipt or continued receipt of benefits under Titles II or XVI of the Act, because of (1) the Secretary's failure to use formal rulemaking procedures to establish standards for the determination of "good cause" supporting requests to have hearings locations changed pursuant to 20 C.F.R. § 404.936 or § 416.1436, or (2) the Secretary's failure to promulgate regulations regarding the payment of travel expenses pursuant to 42 U.S.C. § 401(j) or § 1383(h).

*Pulido v. Heckler,* 568 F.Supp. 627 (D.Colo. 1983).

The district court, on summary judgment, held that the defendant was under a duty to promulgate regulations regarding the criteria for "good cause" for changing the time and place for hearings, and ordered the Secretary to initiate notice and comment rulemaking within 60 days of the court's order. *Pulido,* 568 F.Supp. at 630–31.[1] The court also held that even assuming that the Secretary has a duty to engage in formal rulemaking regarding the payment of travel expenses, "that duty has been altered by a series of subsequent appropriations measures." *Pulido,* 568 F.Supp. at 631–32 (citations omitted). Plaintiffs appeal this determination.

Section 401(j) of the Social Security Act provides that:

There are authorized to be made available for expenditures ... such amounts as are required to pay travel expenses ... to parties, their representatives, and all reasonably necessary witnesses for travel within the United States ... to attend reconsideration interviews and proceedings before administrative law judges with respect to any determination under this title. The amount available under the preceding sentence for payment for air travel by any person shall not exceed the coach fare for air travel between the points involved unless the use of first-class accommodations is required (*as determined under regulations of the Secretary* ) because of such person's health condition or the unavailability of alternative accommodations; and the amount available for payment for other travel by any person shall not exceed the cost of travel (between the points involved) by the most economical and expeditious means of transportation appropriate to such person's health condition, *as specified in such regulations.*

(Emphasis added). The statute thus authorizes, but does not command, the Secretary to reimburse disability claimants for their travel expenses.

Section 1383(h) of the Act provides that:
The Secretary shall pay travel expenses ... to parties, their representatives, and all reasonably necessary witnesses for travel within the United States ... to attend reconsideration interviews and proceedings before administrative law judges with respect to any determination under this title. The amount available under the preceding sentence for payment for air travel by any person shall not exceed the coach fare for air travel between the points involved unless the use of first-class accommodations is required (*as determined under regulations of the Secretary* ) because of such

---

1. The propriety of this decision is not at issue in this appeal. Although the Secretary filed a no-

tice of appeal, she later withdrew her appeal.

person's health condition or the unavailability of alternative accommodations; and the amount available for payment for other travel by any person shall not exceed the cost of the travel (between the points involved) by the most economical and expeditious means of transportation appropriate to such person's health condition, *as specified in such regulations.*

(Emphasis added). As the district court noted, this section affirmatively commands the Secretary to pay travel expenses to claimants in Title XVI proceedings.

The Secretary has not engaged in rulemaking to establish criteria for reimbursement of travel expenses under either statute.

■ It is true that, as a general rule, an administrative agency is not required to promulgate detailed rules interpreting every statutory provision that may be relevant to its actions. *See American Power & Light Co. v. SEC,* 329 U.S. 90, 67 S.Ct. 133, 91 L.Ed. 103 (1946); *SEC v. Chenery Corp.,* 332 U.S. 194, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947). A statute may, however, impose a duty to do so. Clearly, as even the Secretary concedes, she is under a duty to promulgate regulations regarding the payment of first-class accommodations. Similarly, the statute expressly refers to regulations concerning the modes of transportation "appropriate" for various health conditions. The Secretary claims, however, that she is not under a duty to promulgate regulations regarding any other aspects of the payment of travel expenses, since the statutory provisions do not expressly refer to such regulations.

■ The Secretary does not deny that she has the power to promulgate regulations governing all aspects of the payment of travel expenses. Section 405(a) of the Act provides that:

The Secretary shall have full power and authority to make rules and regulations and to establish procedures, not inconsistent with the provisions of this title, which are necessary or appropriate to carry out such provisions, *and shall adopt reasonable and proper rules and regulations to regulate and provide for the nature and extent of the proofs and evidence and the method of taking and furnishing the same in order to establish the right to benefits hereunder.*

(Emphasis added). This statute does more than empower the Secretary to issue rules and regulations, not inconsistent with the Act, that are necessary or appropriate to implement the program of benefits, however. It *commands* the Secretary to promulgate regulations both "to regulate and provide for the nature and extent of the proofs and evidence" and to cover "the method of taking and furnishing the same." *See McCoy v. Schweiker,* 683 F.2d 1138, 1143 (8th Cir.1982). The payment of travel expenses is an integral part of the "method of taking and furnishing" proof, for the availability of such payments may be determinative of whether a claimant can even attend his or her hearing to attempt to provide proof.[2] In the absence of regulations published in the Federal Register, many of these claimants do not know that they may have the right to an advance of such expenses.[3] Thus, the general rule-

---

2. Plaintiff John Cary is a case in point. The informal policy of the Secretary is to advance funds where reasonable and necessary. However, he was not advanced funds to make the trip from his home in Cheyenne Wells to the hearing location in Denver, a distance of some 166 miles. Because he did not have the funds to make the trip, he could not attend the hearing to which he was statutorily entitled, and because the advance of funds is not governed by a formal rule plaintiff had no recourse against the Secretary. *Cf. Morton v. Ruiz,* 415 U.S. 199, 231–32, 94 S.Ct. 1055, 1072–73, 39 L.Ed.2d 270 (1974).

3. The procedure for informing claimants is, at best, inconsistent. It appears that claimants are told of the right to reimbursement, if at all, only after the hearing is over. *See, e.g.,* Record, vol. 1, at 94–95, 147. Such notice is of no help to those who lack funds to travel to the hearing at all. Contrary to the allegations of the defendant, the internal agency guide that is currently used to determine the right to travel expenses does not serve the function of informing the public. The guide is not published in the federal register, and there is no evidence that it is available to the public. In addition, this guide "is not a regulation, it has no legal force, and it

making requirements of § 405(a) and the language of the statutory provisions themselves impose upon the Secretary a duty to promulgate regulations regarding the payment of travel expenses. This duty is not limited to regulations governing the health criteria for various modes of transportation.

■ The district court found, however, that even assuming that the statute imposed such a duty, the duty had been eliminated by subsequent appropriations measures. The court relied on a series of continuing resolutions that provide that travel expense reimbursement under § 1383(h) is limited to travel of more than seventy-five miles.[4] The district court felt that, because of these resolutions, "the Secretary has been caught in a Congressional 'squeeze play' preventing her from proceeding with the objective stated in the substantive statute." *Pulido*, 568 F.Supp. at 632. The court has misconstrued the Secretary's obligations in this setting.

The continuing resolutions do not explicitly repeal the duty, imposed on the Secretary by the Social Security Act, to promulgate regulations regarding payment of travel expenses, and should not be found to do so implicitly. "Repeals by implication are not favored." *United States v. Will*, 449 U.S. 200, 221, 101 S.Ct. 471, 484, 66 L.Ed.2d 392 (1980). As the Supreme Court stated in *Morton v. Mancari*, 417 U.S. 535, 551, 94 S.Ct. 2474, 2483, 41 L.Ed.2d 290 (1974),

> The courts are not at liberty to pick and choose among congressional enactments, and when two statutes are capable of co-existence, it is the duty of the courts, absent a clearly expressed congressional intention to the contrary, to regard each as effective.

The continuing resolutions and the provisions of the Social Security Act are not irreconcilable. At most, the resolutions have limited the Secretary's discretion to promulgate regulations allowing reimbursement for travel of less than seventy-five miles. There is no reason why these resolutions should be read as affecting her duty and ability to promulgate regulations dealing with travel of greater than seventy-five miles. Thus, the Secretary has been under a duty, since the enactment of the relevant provisions of the Act, to promulgate regulations regarding the payment of travel expenses.

■ Defendant asserts both in her brief and at oral argument that, even if she is under a duty to promulgate regulations, it is within her discretion to decide when those regulations should be proposed. She asserts that uncertainty about Congressional intent regarding the seventy-five mile limit[5] demonstrates that her decision not to issue regulations at this time is a rational one. The relevant provisions of the Social Security Act were enacted in 1980—more than four years ago. Whatever discretion the Secretary may have had, a delay of more than four years is contrary to the purposes of the Act, and impermissibly abuses that discretion. *See Rios v. Butz*, 427 F.Supp. 534, 537 (N.D.Cal.1976) (finding abuse of discretion in delay in promulgating regulations to implement the Food Stamp Act). Allegedly conflicting signals from Congress do not alter this conclusion. The Secretary can promulgate general rules and specify that they are applicable to whatever distances of travel Congress ultimately authorizes. In the alternative, she can promulgate rules for travel greater than seventy-five miles and, if Congress later determines that the seventy-five mile limit is inadvisable, the Secretary can then remove the seventy-five mile limit or promulgate new regulations

---

does not bind the SSA." *Schweiker v. Hansen*, 450 U.S. 785, 789, 101 S.Ct. 1468, 1471, 67 L.Ed.2d 685 (1981).

**4.** The most recent of these continuing resolutions is Public Law 98–139, 98 Stat. 871, Title II, section 200, enacted on October 31, 1983.

**5.** In H.Rep. No. 618, 98th Cong., 2d Sess. 19 (1984), the House Ways and Means Committee stated that the limit should be reconsidered.

dealing with travel of less than seventy-five miles. There is no justification for further delay in promulgating general regulations governing travel.

The Secretary points out that, as recently as April 19, 1984, she has announced her formal intention to publish proposed regulations. *See* 49 Fed.Reg. 15,850–15,851 (April 19, 1984). As the district court notes, however, a notice of proposal to issue travel expense regulations "is of little significance." *Pulido*, 568 F.Supp. at 632. The notice does not bind the Secretary to publish regulations, nor does it prevent her from later denying that she has a mandate to publish regulations. *See American Trucking Assoc. v. Atchison, Topeka and Santa Fe Railway Co.*, 387 U.S. 397, 415–16, 87 S.Ct. 1608, 1618–19, 18 L.Ed.2d 847 (1967). Indeed, the Secretary has announced such intentions several times before, but has yet to publish proposed regulations.[6] Given this history of delay, we find it necessary to have a timetable established to ensure that the regulations mandated by the statute are, indeed, promulgated. Such timetables are "an appropriate procedure for exercise of the court's equity powers to vindicate the public interest." *Natural Resources Defense Council v. Train*, 510 F.2d 692, 705 (D.C.Cir.1975).

The district court's order is reversed, and the case is remanded to the district court for determination of an appropriate timetable.

---

6. The Secretary originally announced plans to publish travel expense regulations on January 15, 1981, 46 Fed.Reg. 3547, and did so again on October 17, 1983. 48 Fed.Reg. 47363.