Reginald HOLT, Plaintiff,

v.

Otis R. BOWEN, M.D., Secretary of Health and Human Services, in his official capacity, Defendant.

Civ. A. No. 88–F–1457.

United States District Court, D. Colorado.

March 20, 1989.

Linda J. Olson and R. Eric Solem, Legal Aid Soc. of Metropolitan Denver, Inc., Denver, Colo., for plaintiff.

Michael J. Norton, Acting U.S. Atty., and James S. Russell, Asst. U.S. Atty., Denver, Colo., for defendant.

## ORDER

SHERMAN G. FINESILVER, Chief Judge.

THIS MATTER comes before the court on a Motion for Summary Judgment by Defendant Secretary of Health and Human Services. Plaintiff Reginald Holt brings this action against Defendant Secretary for

the recoupment of Social Security benefits which were misused by Plaintiff's representative payee, Billy Stewart. Plaintiff contends that Defendant and his agents are under a duty to make a reasonable investigation into an individual's background before designating that individual as a representative payee. Plaintiff charges that Defendant and his agents made no investigation into the background of Stewart, and that such an investigation would have revealed Stewart's criminal background and his lack of fitness to be a representative payee.

Defendant moves for summary judgment on the grounds that Plaintiff has failed to exhaust his administrative remedies, thus depriving this court of subject matter jurisdiction. Defendant further argues that, under the present statutory and regulatory scheme, there is no basis for Plaintiff's claim. Plaintiff responds by stating that the Secretary has waived the administrative remedies requirement by giving Plaintiff a final response, and has failed to promulgate regulations covering the subject matter. We have carefully considered the arguments and briefs of both parties. For the reasons set forth below, Defendant's Motion for Summary Judgment is DENIED, and summary judgment is ENTERED in favor of Plaintiff.

## I.

Plaintiff is a thirty-seven year old man who suffers from alcoholism and a personality/seizure disorder. On November 5, 1985, Plaintiff was found to be under a disability as of February 1, 1983, and was awarded a retroactive lump sum disability benefit in the amount of $7,945.00. Based on the disability/medical report, the Secretary determined that Plaintiff was not able to properly manage the lump sum benefit, and required Plaintiff to select a representative payee pursuant to 20 C.F.R. § 404.2001 and its enabling statute 42 U.S. C. § 405(a), (j), and (k).

Because Plaintiff has no close relatives, he nominated a friend, Billy Stewart, as his representative payee. Stewart accompanied Plaintiff to the local Social Security office, and in the presence of an Administration representative, completed Social Security Form SA–11BK (Request to be Selected as Payee). The form requires no background information on the proposed payee, and no questions were asked by the representative concerning Stewart's character or background. Defendant offers no evidence that an investigation of any kind was conducted by the Administration as to Stewart's fitness. Plaintiff then completed a form authorizing Stewart as the representative payee, and payment was mailed to Stewart.

Stewart deposited the money in his personal bank account on May 15, 1986. Over the next two months, Stewart made numerous withdrawals on the account until the funds were depleted. In response to Plaintiff's complaints that he never received any of the funds, the District Office of the Social Security Administration conducted an investigation concerning the use of the funds. On November 13, 1987, the Administration concluded that Stewart had misused the entire $7945.00.

It was later revealed that Stewart had an extensive criminal record which included numerous check fraud arrests, and an aggravated robbery charge. Such records are easily and expeditiously obtained through law enforcement agencies such as the Colorado Bureau of Investigations. Although the Administration acknowledged that the funds had been misused, it denied liability for the repayment of the funds. In a letter dated July 6, 1988, the Office of Disability Operations in Baltimore advised Plaintiff that certification of Stewart was proper, and that the "Administration is relieved of liability for the benefits subsequently misused by Mr. Stewart."

## II.

The jurisdictional requirements for judicial review of Social Security benefits decisions are set forth in 42 U.S.C. § 405(g):

> Any individual, after final decision of the Secretary made after a hearing to which he was a party ... may obtain a review of such decision by a civil action com-

menced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow.... As part of his answer, the Secretary shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based.

There are two components to the "final decision" element of this section. The first is the non-waivable requirement that a claim for benefits shall have been presented to the Secretary. The second requirement is that the administrative remedies prescribed by the Secretary be exhausted. Unlike the first element, this requirement may be waived by either the Secretary or the courts. *Mathews v. Eldridge*, 424 U.S. 319, 328, 96 S.Ct. 893, 899, 47 L.Ed.2d 18 (1976).

■■ The sole issue in this regard is whether the exhaustion requirement should be waived. Waiver may occur in two ways. *Bartlett v. Schweicker*, 719 F.2d 1059 (10th Cir.1983). A reviewing court may find waiver if a constitutional claim is wholly collateral to the substantive claim of entitlement, and there is a showing of irreparable injury not recompensable through retroactive payments. *Eldridge*, 424 U.S. at 330–31, n. 11, 96 S.Ct. at 900–01, n. 11. The Secretary may waive if he is satisfied that no further review is warranted either because the internal needs of the agency are fulfilled or because the relief sought is beyond his power to confer. *Eldridge*, 424 U.S. at 330, 96 S.Ct. at 900.

■■ Plaintiff asserts in this case that Defendant has waived the exhaustion requirement. We agree. Defendant responded to Plaintiff's request for repayment of benefits in a letter from Joseph R. Muffolett, Director of the Office of Disability Operations in Baltimore, Maryland. The letter recites at length the legal authority behind the Administration's decision to deny Plaintiff's claim. In conclusion, the letter states:

In accordance with the law and regulations, there was no reason for not selecting Mr. Stewart.... Accordingly, the selection of Mr. Stewart to manage your

benefits was proper at the time and the Administration is relieved of liability for the benefits subsequently misused by Mr. Stewart. You are advised to contact Mr. Stewart for restitution of the total amount of $7,945.00 which was misused on your behalf.

We interpret this letter to be a final decision by the Secretary. The letter was written by the Director of the Disability Operations Department in Maryland, which reveals that the denial was an upper level decision. Once a benefits applicant has presented his claim at a sufficiently high level of review to satisfy the Secretary's administrative needs, further exhaustion would be futile for the applicant and a commitment of administrative resources unsupported by any administrative or judicial interest. *Weinberger v. Salfi*, 422 U.S. 749, 765, 95 S.Ct. 2457, 2466–67, 45 L.Ed.2d 522 (1975). There is no mention of an additional hearing in this letter, nor is there contemplated an appeal.

Further, Defendant has not filed an answer in this law suit, but has chosen to file a Motion for Summary Judgment, a decision which reflects a belief that his decision is final. *See, Mathews v. Diaz*, 426 U.S. 67, 76, 96 S.Ct. 1883, 1889–90, 48 L.Ed.2d 478 (1976). Despite a lengthy recital of the procedural requirements for administrative review, Defendant does not address in his Motion the specific allegations of exhaustion in Plaintiff's amended complaint. Defendant completely ignores the issue of exhaustion in his reply to Plaintiff's response brief. We interpret this to be a determination by Defendant that for the purposes of this litigation, the decision to deny the recoupment is final. *Weinberger v. Salfi*, 422 U.S. 749, 767, 95 S.Ct. 2457, 2468, 45 L.Ed.2d 522 (1975).

Defendant argues that because the Administration has no obligation to pay such a recoupment, a "final decision" was not made. Defendant's logic is inconsistent. The fact that Defendant unequivocally denies any obligation is in itself a final decision. (Defendant's Brief in Support, p. 5). Defendant states in his brief that Social Security has "no authority" to repay the

amount in controversy. (Defendant's Brief, p. 5). *See, Eldridge,* 424 U.S. at 330, 96 S.Ct. at 900. In light of the above circumstances, the finality of Defendant's denial of the claim is clear. The requirements for § 405(g) judicial review are satisfied. *Weinberger v. Salfi,* 422 U.S. 749, 767, 95 S.Ct. 2457, 2468, 45 L.Ed.2d 522 (1975); *Mathews v. Diaz,* 426 U.S. 67, 76, 96 S.Ct. 1883, 1889–90, 48 L.Ed.2d 478 (1976); *Herron v. Heckler,* 576 F.Supp. 218, 227 (N.D.Cal.1983); *McDaniels v. Heckler,* 571 F.Supp. 880 (D.Md.1983).

### III.

Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. F.R.Civ.P. 56(c); *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Setliff v. Memorial Hosp. of Sheridan County,* 850 F.2d 1384, 1392 (10th Cir.1988); *Security Ins. Co. of Hartford v. Wilson,* 800 F.2d 232 (10th Cir.1986). In reviewing a motion for summary judgment, the evidence must be viewed in the light most favorable to the party opposing the motion, and all doubts resolved in favor of the existence of triable issues of fact. *Dickeson v. Quarberg,* 844 F.2d 1435, 1437 (10th Cir.1988); *World of Sleep, Inc. v. La–Z–Boy Chair Co.,* 756 F.2d 1467, 1474 (10th Cir.1985), *cert. denied,* 474 U.S. 823, 106 S.Ct. 77, 88 L.Ed.2d 63 (1985); *Ross v. Hilltop Rehabilitation Hosp.,* 676 F.Supp. 1528 (D.Colo.1987).

Only disputes over facts that might affect the outcome of the case will properly preclude the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). To avoid entry of summary judgment, the non-moving party must make a sufficient showing of the essential elements of its case on which it bears the burden of proof. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Conclusory allegations by the party opposing summary judgment are not sufficient to establish an issue of fact and defeat the

motion. *McKibben v. Chubb,* 840 F.2d 1525, 1528 (10th Cir.1988); *R–G Denver, Ltd. v. First City Holdings of Colorado, Inc.,* 789 F.2d 1469 (10th Cir.1986).

■ The sole issues in this case are whether Defendant and his agents are under a duty to investigate the background of a designated representative payee, and if so, whether there was a breach of that duty. We hold in the affirmative as to both issues.

Defendant argues that Social Security is not liable for the misuse of benefits, because there is no basis for a repayment of such benefits. This argument is contrary to the statutory scheme. 42 U.S.C. § 405(j) provides:

(1) When it appears to the Secretary that the interest of an applicant entitled to a payment would be served thereby, certification of payment may be made, regardless of the legal competency or incompetency of the individual entitled thereto, either for direct payment to such applicant, or for his use and benefit to a relative or some other person.

(2) Any certification made under paragraph (1) for payment to a person other than the individual entitled to such payment must be made *on the basis of an investigation,* carried out either prior to such certification or within forty-five days after such certification, and on the basis of adequate evidence that such certification is in the interest of the individual entitled to such payment (as determined by the Secretary in regulations). The Secretary shall ensure that such certifications are adequately reviewed. (Emphasis added).

The conference agreement to the Social Security Benefits Reform Act, P.L. 98–460 (enacted October 9, 1984), states:

While the conference agreement recognizes that it may be necessary to appoint a representative payee prior to completion of the investigation required by the provision, the managers believe that the Secretary should do so cautiously. In particular, the managers direct the Secretary to establish procedures under

which large lump-sum payments of retroactive benefits will not ordinarily be paid to new representative payees until *the investigation of their suitability has been successfully completed.* (Emphasis added).

■ Clearly, the Secretary is under a duty to investigate the background of new representative payees. Defendant's own policy is that when the Administration fails to make payments with "good acquittance", it must repay the misused benefits to the beneficiary. (Social Security Administration Policy Operations Manual, § GN 00604.090; Plaintiff's Brief in Opposition to Summary Judgment, Exhibit A, Attachment 6). Defendant's failure to conduct a background investigation contrary to legislative mandate does not constitute "good acquittance". Contrary to Defendant's argument, we find there to be a statutory and regulatory basis for the reimbursement by the Secretary of funds misused by a representative payee.

Our review of the record reveals that no investigation of Stewart was made. The Secretary is empowered to make the unilateral decision that a claimant is without the requisite mental capacity to manage Social Security funds. (See, 20 C.F.R. §§ 404.-2001 et seq.). It is clear from the above legislation that Congress intended the Secretary to undertake a measure of responsibility in the selection of a responsible representative payee when it makes the decision that such a payee is necessary. It is not unreasonable to assume that a claimant who is incompetent to responsibly manage funds may also be incompetent to choose a responsible person to manage those funds. Inherent in the determination of incompetency by the Secretary is the assumption of responsibility that a proper representative payee will be selected.

■ We do not infringe upon the Secretary's authority to determine the scope of the investigation of proposed representative payees. However, at a minimum, such an investigation should include appropriate background questions along with a face to face interview. Answers to these questions could then be used in determining the need for further investigation.

In the instant case, it cannot be said that Defendant complied with the spirit of the above legislation. Defendant's representative was aware of circumstances indicating that Stewart was unfit for fiduciary responsibility. In a letter dated April 18, 1986 from the Social Security District Office, it is apparent that Defendant's agent was aware that Stewart had given a bad address and an incorrect job reference. (Plaintiff's Brief, Exhibit A. Attachment 2). Despite this evidence, no further investigation was conducted as to Stewart, and he was mailed a check for $7945.00 on behalf of Plaintiff. Despite Plaintiff's extensive allegations of failure to investigate in his brief in response, Defendant has come forward with no contrary evidence in his reply.

IV.

■ find the Secretary to be under a duty to investigate a representative payee before retroactive benefits are released. This duty is delineated by legislative expression. The fact that the Secretary has not promulgated regulations toward this end does not attenuate this duty. *Pulido v. Heckler,* 758 F.2d 503, 507 (10th Cir. 1985). The Secretary's failure to investigate was a proximate cause of Plaintiff's loss of benefits. A routine check with a local law enforcement agency would have revealed that Stewart was not an appropriate candidate for a representative payee position.

Defendant relies on the following regulation in support of his position:

> Our obligation to the beneficiary is completely discharged when we make a correct payment to a representative payee on behalf of the beneficiary.

20 C.F.R. § 404.2041. Defendant asserts that correct payment was made to Stewart, and that proper procedure was followed in allowing him to become Plaintiff's designated payee. We disagree. A "correct payment" under this regulation cannot be made until the duty to investigate the

"suitability" of the proposed representative payee has been fulfilled.

There are no genuine issues of material fact in this case. The weight of authority is that summary judgment may be rendered in favor of the opposing party even though he has made no formal cross-motion under Rule 56. *Pueblo of Santa Ana v. Mountain States Tel.*, 734 F.2d 1402 (10th Cir.1984) (rev'd on other grounds, 105 S.Ct. 2587); *See*, 10A Wright, Miller, and Kane, Federal Practice and Procedure: Civil 2d § 2720, at 29–30; 6 Moore's Federal Practice 2d, ¶ 56.12 (Cum.Supp.1988).

ACCORDINGLY, Defendant Secretary's Motion for Summary Judgment is DENIED. The Clerk is DIRECTED to enter Summary Judgment in favor of Plaintiff Holt in the amount of seven thousand nine hundred and forty-five dollars ($7,945.00), and to award Plaintiff his costs of this litigation. The amounts of judgment and costs are to be paid to a representative payee as designated by the parties.

The representative payee is to be selected within the parameters of the Social Security Act and this Order. The Court is to be advised of the designation of the representative payee within thirty (30) days of the date of this Order. Plaintiff's Motion for Order Permitting Discovery is DENIED as moot.